UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LEONARD BENNETT

CIVIL ACTION

VERSUS

NO. 09-288-JJB

MILLERCOORS, LLC, ET AL.

**RULING**

This matter is before the Court on a motion (doc. 26) for summary judgment, filed by defendants MillerCoors, LLC and Miller Brewing Company (collectively, "MillerCoors"). The motion is unopposed by plaintiff Leonard Bennett (doc. 31). Oral argument is not necessary.

Plaintiff's underlying suit seeks damages for an injury sustained while plaintiff was loading cases of beer onto a pallet. According to plaintiff, as he picked up a corrugated fiberboard box containing bottles of beer, the bottles immediately dropped out from the bottom of the box and fell to the ground. Glass shattered and injured plaintiff. Plaintiff now seeks to recover from defendants, alleging the corrugated fiberboard box was unreasonably dangerous in design and construction and that it contained inadequate safety warnings. Hartford Insurance Company and Crescent Crown Distributing, LLC have intervened (doc. 15) to recoup worker's compensation benefits purportedly paid to plaintiff as a result of the injury.

Defendants now request summary judgment dismissing all of plaintiff's claims. Plaintiff filed a response (doc. 31) stating, in part, "After conducting

discovery in the case and taking several depositions, we have determined that it is impossible for us to make any good faith argument in opposition" to the motion. Further, plaintiff concedes, "[t]he facts are not in dispute and we have not been able to discover any facts which support our claim of liability pursuant to the Louisiana Products Liability Act." (Doc. 31).

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy a non-movant's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once a non-movant has been given the opportunity to raise a

genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; see also Fed. R. Civ. P. 56(c).

Under Louisiana law, the exclusive theories of liability that plaintiffs have against manufacturers for damages allegedly caused by their products are set out in the Louisiana Products Liability Act (LPLA). Under the LPLA, manufacturers of products are liable to plaintiffs for damages proximately caused by an unreasonably dangerous product, when such damage arises from a reasonably anticipated use of the product. La. R.S. 9:2800.54(A). The LPLA establishes four ways in which a product can be unreasonably dangerous: construction or composition, design, failure to provide adequate warning, and nonconformity to an express warranty. La. R.S. 9:2800.54(B). Under the LPLA, plaintiff has the burden of proving a product is unreasonably dangerous. La. R.S. 9:2800.54(D).

Plaintiff's suit alleges that the corrugated fiberboard box was unreasonably dangerous in design and construction and that it contained inadequate safety warnings. Under the LPLA, a product is unreasonably dangerous in construction or composition if, "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. R.S. 9:2800.55. Plaintiff has presented no evidence showing that the corrugated fiberboard box deviated from

standards set by MillerCoors or the industry when the box left MillerCoors' possession and control. Therefore, plaintiff's claim that the box was unreasonably dangerous in composition or construction must be dismissed.

To assert a claim that the box was unreasonably dangerous in design, a product liability claimant must prove, among other elements, that at the time the product left the manufacturer's control, "[t]heir existed an alternative design for the product that was capable of preventing the claimant's damage." La. R.S. 9:2800.56. Plaintiff concedes that it has put forth no evidence of the existence of an alternative design for the box capable of preventing plaintiff's injuries.

Defendants also seek dismissal of plaintiff's claim for failure to provide an adequate warning under the LPLA. As defendants assert, a manufacturer is not required to provide an adequate warning about its product when:

> (1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with ordinary knowledge common to the community as to the product's characteristics; or
>
> (2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.

La. R.S. 9:2800.57(B). To be relieved of the duty to warn, a manufacturer need not show the user had actual knowledge of the danger, only that the user should

have known of the danger. *Goins v. Galion Mfg. Co.*, 626 So.2d 1200, 1204 (La. App. 3d Cir. 1993). Plaintiff does not dispute MillerCoors' assertion that it had no duty to warn plaintiff because he was a sophisticated user, familiar with the dangers involved in loading and unloading corrugated fiberboard boxes. Plaintiff also does not dispute defendants' assertion that plaintiff was aware that some fellow employees liked to horseplay and tamper with the boxes, causing them to become wet and soggy.

Finally, defendants contend that plaintiff has presented no evidence or expert opinion to support the application of the *res ipsa loquitor* doctrine and that plaintiff's allegations that MillerCoors was negligent simply because the bottles of beer fell out of the box must be dismissed as a matter of law. Plaintiff does not dispute this assertion. Under Louisiana law, *res ipsa loquitor* doctrine is sparingly applied and generally requires plaintiff to establish three elements:

> 1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence by defendant; 2) the defendant had exclusive control of the thing causing the damage; and 3) the only reasonable and fair conclusion is that the accident was due to the defendant's breach of a duty.

*Batiste v. Gen. Motors Corp.*, 802 So.2d 686, 689 (La. App. 4th Cir. 2001).

Defendants assert, and plaintiff does not dispute, that MillerCoors did not have exclusive control over the box and that third parties had control over the

box before it reached plaintiff.  Additionally, defendants assert, and plaintiff does not dispute, that plaintiff has failed to establish the other elements required for *res ipsa* and that plaintiff's negligence claim should be dismissed as a matter of law.

Accordingly, defendants' motion (doc. 26) for summary judgment is HEREBY GRANTED, and plaintiff's claims against defendants are DISMISSED. Because the underlying claims have been entirely disposed of, the intervention claims of Hartford Insurance Company and Crescent Crown Distributing, LLC are similarly DISMISSED.

Signed in Baton Rouge, Louisiana, on February 8, 2011.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**